**ORIGINAL**

**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
  Email: mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
  Email: sbeldner@mcguirewoods.com
Jocelyn R. Cuttino, Esq. (SBN 252393)
  Email: jcuttino@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant
SPRINT/UNITED MANAGEMENT COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

**CV09-02839 AHM (MANx)**

| | |
|---|---|
| JACK CLARK, an individual, | CASE NO. |
| Plaintiff, | [Los Angeles County Superior Court, Case No. YC059368] |
| vs. | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | Complaint Filed:   March 20, 2009 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant SPRINT/UNITED MANAGEMENT COMPANY ("Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of its Notice of Removal, Defendant avers as follows:

<u>**STATE COURT ACTION**</u>

1.     Plaintiff Jack Clark ("Plaintiff") filed a Complaint against Defendant in the State Court on March 20, 2009, styled as <u>Jack Clark v. Sprint/United Management Company et al.</u>, Case No. YC 059368 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2.     On March 27, 2009, Defendant's agent for service of process was personally served with a copy of the Complaint and the following documents from the State Court Action, a true and correct copy of each of which is attached hereto as the Exhibits identified below:

| | |
|---|---|
| Exhibit B: | Summons |
| Exhibit C: | Civil Case Cover Sheet and Addendum/ |
| | Statement of Location |
| Exhibit D: | Notice of Case Management Conference |

| | | |
|---|---|---|
| Exhibit E: | Order to Show Cause Hearing re: Failure to File Proof of Service of Summons and Complaint on Defendant | |
| Exhibit F: | ADR Information Package | |

A copy of the Notice of Service of Process, bearing a service date of March 27, 2009, is attached hereto as Exhibit G.  Thus, this Notice of Removal is filed with this Court within thirty (30) days of both receipt of Plaintiffs' Complaint and is timely under 28 U.S.C. § 1446(b).

3.     On April 22, 2009, Defendant filed an Answer to the Complaint in the State Court.  A true and correct copy of Defendant's Answer to the Complaint is attached hereto as Exhibit H.

4.     Defendant is informed and believes that there has been no service of process upon Defendants Does 1 through 10, which are fictitious defendants that have not been served, and thus are to be disregarded for the purposes of this removal.  28 U.S.C. § 1441(a).

5.     Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6.     The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiffs and Defendant, and (2) the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.     In accordance with 28 U.S.C. § 1446(d), Defendant has given contemporaneous written notice of this Notice of Removal to all adverse parties and the Clerk of the Superior Court for the County of Los Angeles.

8.     As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Central District of California which is the District Court embracing the place where the State Court Action has been filed.

## DIVERSITY OF CITIZENSHIP

9.     Plaintiff Jack Clark is a resident of Los Angeles County in the State of California. See Plaintiff's Complaint (Ex. A), ¶ 4. Therefore, Plaintiff is a citizen of the State of California.

10.    As shown by the public records of the California Secretary of State, Defendant is a Kansas corporation with its corporate headquarters and principal place of business in Overland Park, Kansas. See http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C1656323; see also Plaintiff's Complaint (Ex. A), ¶ 5. Therefore, Defendant is a citizen of Kansas.

11.    Accordingly, complete diversity of citizenship existed between Plaintiff and Defendant at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

12.    Defendants "Does 1 through 10" are fictitious Defendants whose citizenship is disregarded for purposes of removal. See 28 U.S.C. § 1441(a).

13.     Venue lies in this Court because Plaintiff's action is pending in this district and division. See 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

14.     Plaintiff does not seek a specific amount of damages in his Complaint. However, a defendant may remove a suit to a federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where, as here, Plaintiff alleges no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  See Lowdermilk v. United States Nat'l Assoc., 479 F.3d 994, 998 (9th Cir. 2007); Abrego v. Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006).  To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied.  See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  In determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met.  See Abrego, supra, 443 F.3d at 690.

15.     As a result of the alleged damages suffered by Plaintiff, his Complaint seeks unspecified damages including, but not limited to, the following: (1) contractual and compensatory damages for Defendant's alleged failure to pay Plaintiff all commissions owed; (2) alleged unpaid overtime wages pursuant to Labor Code §§ 510 and 1198; (3) waiting time penalties pursuant to Labor Code § 203 for Defendant's alleged failure to pay Plaintiff all wages owed at termination in violation of Labor Code §§ 201 and 202; (4) restitution, disgorgement, and injunctive relief pursuant to Bus. & Prof. Code § 17200, et seq.; (5) pre-judgment interest; (6) statutory attorneys' fees and costs of suit pursuant to Labor Code §

1194(a) and <u>Code of Civil Procedure</u> § 1021.5; and (7) such further and additional relief as the court finds proper. <u>See</u> Complaint (Ex. A), Prayer for Relief.

16.   Plaintiff filed the State Court Action as an "Unlimited Civil" matter. As shown on the State Court Civil Case Cover Sheet signed by Plaintiff's counsel (Ex. C of this Notice), Plaintiff asserts that the amount in controversy as demanded in the Complaint *exceeds* $25,000.00 for purposes of establishing Unlimited Civil Case Superior Court jurisdiction under state law. The "amount in controversy" for establishing such jurisdiction is defined as specifically *excluding* attorneys' fees, interest, and costs. <u>Cal. Code Civ. Proc.</u> § 85(a). Accordingly, the minimum amount in controversy on Plaintiff's claims for compensatory damages, restitution, and penalties is an amount that *exceeds* **$25,000.00**.

17.   Plaintiff's Complaint also demands a statutory award of attorneys' fees in connection with his claims pursuant to <u>Labor Code</u> §§ 510, 1198 and 1194(a) and <u>Bus. & Prof. Code</u> § 17200 <u>et seq.</u> <u>See</u> Complaint (Ex. A), Prayer for Relief. Where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2001); <u>Johnson v. America Online, Inc.</u>, 280 F.Supp.2d 1018 (N.D. Cal. 2003).

18.   Two of the three attorneys listed on the caption page of Plaintiff's Complaint, Shawn Westrick and Gregory Yu, were counsel for the plaintiffs in the related case of <u>Webster v. Sprint PCS, Inc. et al.</u>, Case No. CV 06-04623 GW (FMOx). <u>See</u> Notice of Related Cases filed concurrently herewith. On February 28, 2008, a Supplemental Declaration of Marc Primo in Support of Motion for Award of Attorneys' Fees, Litigation Expenses and Class Representative Enhancement was filed by plaintiffs' counsel in the <u>Webster</u> action (Doc. #74-2) (the "Primo

1    Declaration").  A true and correct copy of the Primo Declaration is attached hereto

2    as Exhibit I.  The Primo Declaration states that Mr. Westrick's and Mr. Yu's billing

3    rate as of the date of the declaration was $340 per hour.  See Primo Decl., ¶ 19 at p.

4    10.

5

6        19.    Monica Balderrama, the lead attorney listed on the caption page of

7    Plaintiff's Complaint, was admitted to the California bar in 1998, according to the

8    public records of the California State Bar.

9        See http://members.calbar.ca.gov/search/member_detail.aspx?x=196424.

10   The Primo Declaration states that partner Marc Primo's billing rate as of the date of

11   the declaration was $475 per hour.  According to the public records of the California

12   State Bar, Mr. Primo was admitted to the California bar in 2001, three years *after*

13   Ms. Balderrama.

14       See http://members.calbar.ca.gov/search/member_detail.aspx?x=216796.

15   Accordingly, based on the relative years of experience of Ms. Balderrama and Mr.

16   Primo, respectively, as members of the California bar, it is reasonable to conclude

17   that Ms. Balderrama will claim an hourly billing rate comparable to Mr. Primo's

18   stated billing rate of $475 per hour for the work she performs in this action.

19

20       20.    Based on its and its counsel's experience litigating cases such as this

21   one, Defendant conservatively estimates that the attorneys listed on the caption page

22   of Plaintiff's Complaint (Ms. Balderrama, Mr. Westrick and Mr. Yu) will claim to

23   have worked a total of at least 150 hours on this case if and when Plaintiff may have

24   a right to seek an award of attorneys fees.  Allocating these hours evenly between all

25   three of Plaintiff's listed attorneys (50 hours each), Defendant estimates the

26   minimum total value of Plaintiff's claim for attorneys' fees to be as follows:

27

28

| ATTORNEY | HOURLY RATE | # OF HOURS | TOTAL |
|---|---|---|---|
| Ms. Balderrama | $475 | 50 hours | $23,750.00 |
| Mr. Westrick | $340 | 50 hours | $17,000.00 |
| Mr. Yu | $340 | 50 hours | $17,000.00 |
| **GRAND TOTAL** | | 150 hours | **$57,750.00** |

In fact, even if all 150 hours were billed at the lowest billing rate of $340 per hour ($51,000.00 total), the minimum amount in controversy would still be satisfied for purposes of diversity jurisdiction ($76,000.00 in controversy).  However, based on the above calculations using the billing rates from the Primo Declaration, it can be reasonably estimated that Plaintiff is seeking to recover no less than **$57,750.00** in attorneys' fees in this action.

21.   In summary, the minimum estimated amount in controversy in this action is conservatively estimated, based on the information presently known to Defendant, as follows:

| | |
|---|---|
| Minimum Amount of Contractual Damages, Unpaid Wages, and Restitution and Penalties Sought in Unlimited Civil Action | $25,000.00 |
| Statutory Attorneys' Fees Claims | $57,750.00 |
| **TOTAL AMOUNT IN CONTROVERSY** | **$82,750.00** |

22.   Because there is complete diversity of citizenship between Plaintiff and Defendant and because Plaintiff seeks damages, restitution, penalties, and attorneys' fees in excess of the $75,000.00 jurisdictional threshold, Defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).  This action is one over which

the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties. Furthermore, this Notice of Removal is timely as it is being filed less than thirty (30) days after Defendant was served with Plaintiff's Complaint.

23.   Nothing in this Notice is intended or should be construed as any type of express or implied admission by Defendant of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: April 23, 2009          McGUIREWOODS LLP

By: _____
          Matthew C. Kane, Esq.
          Sabrina A. Beldner, Esq.
          Jocelyn R. Cuttino, Esq.
          Attorneys for Defendant
          SPRINT/UNITED MANAGEMENT
          COMPANY

8905460.1

**EXHIBIT** _A_

Conformed Copy

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 20 2009

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

1   Mónica Balderrama (SBN 196424)
    Shawn Westrick (SBN 235313)
2   Gregory Yu (SBN 230520)
    Initiative Legal Group LLP
3   1800 Century Park East, 2nd Floor
    Los Angeles, California 90067
4   Telephone: (310) 556-5637
    Facsimile: (310) 861-9051
5   Attorneys for Plaintiff Jack Clark

CASE ASSIGNED FOR
ALL PURPOSES TO

Judge    Ramona See

Dept. _____ Div. _____

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JACK CLARK, an individual, | **Case Number:** YC059360 |
|       Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1) Breach of Contract; |
| | (2) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation, and DOES 1 through 10, inclusive, | (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); |
|       Defendants. | (4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); and |
| | (5) Violation of California Business & Professions Code §§ 17200, et seq. |
| | **Jury Trial Demanded** |

COMPLAINT

Plaintiff Jack Clark alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.  This Court has jurisdiction over all Defendants because, based upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.  Venue is proper in this Court because, based upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

4.  Plaintiff JACK CLARK ("Plaintiff") is a resident of Los Angeles County in the State of California.

5.  Defendant SPRINT/UNITED MANAGEMENT COMPANY was and is, based upon information and belief, a Kansas corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

6.  Plaintiff is unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure section 474 once their names and capacities become known.

7.  Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

COMPLAINT

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  are the partners, agents, owners, shareholders, managers or employees of SPRINT/UNITED

2  MANAGEMENT COMPANY and were acting on behalf of SPRINT/UNITED

3  MANAGEMENT COMPANY at all relevant times.

4        8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

5  acts and omissions alleged herein was performed by, or is attributable to SPRINT/UNITED

6  MANAGEMENT COMPANY and DOES 1 through 10 (collectively "Defendants"), each acting

7  as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and

8  all Defendants were in accordance with, and represent the official policy of, Defendants.

9        9.    At all relevant times herein mentioned, Defendants, and each of them, ratified

10  each and every act or omission complained of herein.  At all relevant times herein mentioned,

11  Defendants, and each of them, aided and abetted the acts and omissions of each and all the other

12  Defendants in proximately causing the damages herein alleged.

13        10.    Plaintiff is informed and believes, and thereon alleges, that each of the

14  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

15  omissions, occurrences, and transactions alleged herein.

16

17  **GENERAL ALLEGATIONS**

18        11.    At all relevant times set forth, Defendants employed Plaintiff as a "Sales

19  Representative," as an "Ambassador" and as a "Retail Sales Consultant," all of which are

20  commissioned positions, until on or about May 2006 at Defendants' Los Angeles County,

21  California business locations.

22        12.    During the relevant time period, Defendants promised Plaintiff certain

23  commissions for selling certain products.  Plaintiff sold the products, but Defendants failed to

24  pay all the promised commissions.

25        13.    During the relevant time period, Defendants failed to properly calculate overtime

26  wages for its non-exempt employees who receive a commission and/or non-discretionary

27  production bonus.  Specifically, Defendants have systematically failed to account for its

28  employees' commissions and/or non-discretionary production bonus when determining their

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

1  "regular rate of pay" for the purposes of calculating overtime wages. California regulations

2  require that commissions and other non-discretionary bonuses be considered as part of an

3  employee's "regular rate of pay" for the purpose of calculating overtime wages.

4      14.    During the relevant time period, as a result of Defendants' failure to account for

5  its employees' commissions and/or non-discretionary production bonus as part of their "regular

6  rate of pay," Defendants have only paid its employees overtime on a fraction of their total

7  wages, in violation of California law.

8      15.    Plaintiff has been deprived of his overtime wages by Defendants. Specifically,

9  Plaintiff's "regular rate of pay" for the purpose of calculating his overtime wages did not take

10  into account either (1) the commissions Plaintiff earned, or (2) the commissions Plaintiff was

11  entitled to receive, but failed to receive because of Defendants' flawed commission recording

12  procedures. Rather, Plaintiff's overtime wages were based solely on his base hourly pay which

13  comprised only a fraction of his "regular rate of pay."

14      16.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times

15  herein mentioned, Defendants were advised by skilled lawyers and other professionals,

16  employees and advisors knowledgeable about California labor and wage law, employment and

17  personnel practices, and about the requirements of California law.

18      17.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or

19  should have known that Plaintiff was entitled to all commissions due to him, and that he did not

20  receive all commissions due to him.

21      18.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or

22  should have known that Plaintiff was entitled to receive certain wages for overtime

23  compensation and that he was not receiving certain wages for overtime compensation.

24      19.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or

25  should have known that Plaintiff was entitled to receive all the wages owed to him upon

26  discharge.

27      20.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times

28  herein mentioned, Defendants knew or should have known that they had a duty to compensate

COMPLAINT

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Plaintiff, and that Defendants had the financial ability to pay such compensation, but willfully,

2   knowingly and intentionally failed to do so, and falsely represented to Plaintiff that he was

3   properly denied wages, all in order to increase Defendants' profits.

4        21.    California Labor Code section 218 states that nothing in Article 1 of the Labor

5   Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due

6   to him [or her] under this article."

7

8   **FIRST CAUSE OF ACTION**

9   **Breach of Contract**

10  **(Against all Defendants)**

11       22.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

12  material allegations set out in paragraphs 1 through 21.

13       23.    Plaintiff and Defendants entered a valid written employment contract which

14  included a Commission Compensation Program whereby Defendants promised to pay Plaintiff's

15  monthly commission on; (1) Net Activations, (2) Churn (i.e. mobile phone and mobile phone

16  contract renewals), (3) Recurring Revenue (i.e. attachable service plans, bundled plans and

17  modem card plans and other add ons), and (4) Accessory Sales.

18       24.    Plaintiff complied with the terms of his employment contract by making and

19  recording sales in accordance with the terms of the Commission Compensation Program.

20       25.    Defendants breached the terms of the employment contract by failing to pay all

21  Plaintiff's commissions in accordance with the Commission Compensation Program.

22       26.    As a direct and proximate result of Defendants' breach of contract, Plaintiff has

23  incurred damage, including but not limited to, lost wages owed to him by Defendants under his

24  employment contract.

25  \\

26  \\

27  \\

28  \\

Page 4

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against all Defendants)

27.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 26.

28.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

29.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff, when working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

30.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff, when working more than twelve (12) hours in a day, overtime compensation at a rate of two times his regular rate of pay.

31.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

32.    During the relevant time period, Plaintiff consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

33.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff.

34.    Defendants' failure to pay Plaintiff the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

1    and 1198, and is therefore unlawful.

2        35.    Pursuant to California Labor Code section 1194, Plaintiff is entitled to recover

3    unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

4

5                            **THIRD CAUSE OF ACTION**

6                    **Violation of California Labor Code §§ 201 and 202**

7                            **(Against all Defendants)**

8        36.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

9    material allegations set out in paragraphs 1 through 35.

10       37.    At all relevant times, California Labor Code sections 201 and 202 provide that if

11   an employer discharges an employee, the wages earned and unpaid at the time of discharge are

12   due and payable immediately, and that if an employee voluntarily leaves his or her employment,

13   his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

14   unless the employee has given seventy-two (72) hours previous notice of his or her intention to

15   quit, in which case the employee is entitled to his or her wages at the time of quitting.

16       38.    During the relevant time period, Defendants willfully failed to pay Plaintiff his

17   wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of

18   their leaving Defendants' employ.

19       39.    Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of

20   discharge, or within seventy-two (72) hours of leaving Defendants' employ, is in violation of

21   California Labor Code sections 201 and 202.

22       40.    California Labor Code section 203 provides that if an employer willfully fails to

23   pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

24   continue as a penalty from the due date, and at the same rate until paid or until an action is

25   commenced; but the wages shall not continue for more than thirty (30) days.

26       41.    Plaintiff is entitled to recover from Defendants the statutory penalty wages for

27   each day he was not paid, up to a thirty (30) day maximum, pursuant to California Labor Code

28   section 203.

COMPLAINT

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against all Defendants)

42.     Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43.     At all relevant times, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

44.     At all relevant times, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

45.     At all relevant times, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

46.     During the relevant time period, Defendants wilfully failed to pay Plaintiff all wages due to him within any time period permissible by California Labor Code section 204.

47.     Plaintiff is entitled to recover all remedies available for violations of California Labor Code section 204.

## FIFTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

### (Against all Defendants)

48.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 47.

49.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public.  Plaintiff seeks to enforce important

COMPLAINT

1   rights affecting the public interest within the meaning of Code of Civil Procedure section

2   1021.5.

3       50.     Defendants' activities, as alleged herein, are violations of California law, and

4   constitute unlawful business acts and practices in violation of California Business & Professions

5   Code sections 17200, et seq.

6       51.     A violation of California Business & Professions Code sections 17200, et seq.

7   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

8   policies and practices of requiring Plaintiff to work overtime without paying him proper

9   compensation violates California Labor Code sections 510 and 1198.  Defendants' policies and

10  practices of failing to timely pay wages to Plaintiff violates California Labor Code sections 201,

11  202 and 204.

12      52.     Plaintiff has been personally injured by Defendants' unlawful business acts and

13  practices as alleged herein, including but not necessarily limited to the loss of money or

14  property.

15      53.     Pursuant to California Business & Professions Code sections 17200, et seq.,

16  Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a

17  period that commences four years prior to the filing of this complaint; a permanent injunction

18  requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees

19  pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an

20  award of costs.

21

22                          **REQUEST FOR JURY TRIAL**

23      Plaintiff requests a trial by jury.

24

25                             **PRAYER FOR RELIEF**

26      Plaintiff prays for relief and judgment against Defendants, jointly and severally, as

27  follows:

28  \\

*left margin vertical text:* INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 8

COMPLAINT

**As to the First Cause of Action**

1.  That the Court declare, adjudge and decree that Defendants breached the contract with Plaintiff by willfully failing to pay all commissions owed to Plaintiff;

2.  For contractual damages;

3.  For compensatory damages according to proof; and

4.  For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

5.  That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff;

6.  For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.  For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.  For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

10.  That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff;

11.  For all actual, consequential and incidental losses and damages, according to proof;

12.  For statutory wage penalties pursuant to California Labor Code section 203.

COMPLAINT

1       13.    For pre-judgment interest on any unpaid wages from the date such amounts were

2  due; and,

3       14.    For such other and further relief as the Court may deem equitable and

4  appropriate.

5

6                       <u>As to the Fourth Cause of Action</u>

7       15.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code section 204 by wilfully failing to pay all compensation owed at the time required by

9  California Labor Code section 204, to Plaintiff;

10      16.    For all actual, consequential and incidental losses and damages, according to

11  proof;

12      17.    For pre-judgment interest on any untimely paid compensation, from the date such

13  amounts were due; and,

14      18.    For such other and further relief as the Court may deem equitable and

15  appropriate.

16

17                       <u>As to the Fifth Cause of Action</u>

18      19.    That the Court declare, adjudge and decree that Defendants violated California

19  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff all

20  overtime compensation due to him, failing to pay Plaintiff's wages timely as required by

21  California Labor Code sections 201, 202 and 204, and failing to pay Plaintiff all wages due him;

22      20.    For restitution of unpaid wages to Plaintiff and prejudgment interest from the day

23  such amounts were due and payable;

24      21.    For the appointment of a receiver to receive, manage and distribute any and all

25  funds disgorged from Defendants and determined to have been wrongfully acquired by

26  Defendants as a result of violations of California Business & Professions Code sections 17200

27  et seq.;

28      22.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**COMPLAINT**

1   California Code of Civil Procedure section 1021.5;

2        23.    For injunctive relief to ensure compliance with this section, pursuant to

3   California Business & Professions Code sections 17200, et seq.; and

4        24.    For such other and further relief as the Court may deem equitable and

5   appropriate.

6

7   Dated: March 18, 2009               Respectfully submitted,
                                 Initiative Legal Group LLP

8

9                                By:_____

10                                Gregory Yu
                               Attorneys for Plaintiff Jack Clark

COMPLAINT

**EXHIBIT** _B_

Conformed Copy

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation,
and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACK CLARK, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 2 0 2009

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT - Southwest District Branch
825 Maple Avenue
Torrance, California 90503
117 West Torrance Blvd., Suite 100
Redondo Beach, CA 90277-3632

CASE NUMBER:
*(Número del Caso):* YC059360

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mónica Balderrama (SBN 196424), Gregory Yu (SBN 230520)
Initiative Legal Group LLP, 1800 Century Park East, Second Floor, Los Angeles, California 90067

DATE: MAR 2 0 2009                     Clerk, by      L. GALINDO      , Deputy
*(Fecha)*                              *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* SPRINT/UNITED MANAGEMENT COMPANY, A KANSAS CORPORATION
3. ☑ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com



**EXHIBIT** C

**Conformed Copy**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Mónica Balderrama (SBN 196424)<br>Gregory Yu (SBN 230520)<br>Initiative Legal Group LLP<br>1800 Century Park East, Second Floor, Los Angeles, California 90067<br>TELEPHONE NO: (310) 556-5637   FAX NO: (310) 861-9051<br>ATTORNEY FOR *(Name):* Plaintiff Jack Clark | **FOR COURT USE ONLY**<br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br>MAR 2 0 2009<br>John A. Clarke, Executive Officer/Clerk<br>By Lanelle M. Galindo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES — Torrance Branch
STREET ADDRESS: 825 Maple Avenue   117 West Torrance Blvd., Suite 100
MAILING ADDRESS: 825 Maple Avenue   Redondo Beach, CA 90277-3636
CITY AND ZIP CODE: Torrance, California 90503
BRANCH NAME: Southwest District - Torrance Courthouse

CASE NAME:
Jack Clark v. Sprint/United Management Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: YC059368 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19, 2009

Gregory Yu
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Conformed Copy**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CLARK V. SPRINT/UNITED MANAGEMENT COMPANY | YC05936 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐YES  LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 8 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner's Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070   Asbestos Property Damage<br>☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons<br>☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall)<br>☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270   Intentional Infliction of Emotional Distress<br>☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CLARK V. SPRINT/UNITED MANAGEMENT COMPANY | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2.,③<br>10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CLARK V. SPRINT/UNITED MANAGEMENT COMPANY | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>CLARK V. SPRINT/UNITED MANAGEMENT COMPANY | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>21017 Hawthorne Blvd. | |
|---|---|---|
| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90503 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Torrance___ courthouse in the ___Southwest___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).


Dated: ___March 19, 2009___                                    _____
                                                                (SIGNATURE OF ATTORNEY/FILING PARTY)


---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT** _D_

**CONFORMED COPY**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 2 0 2009<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By Lauelle M. Galindo, Deputy |
| COURTHOUSE ADDRESS: Beach Cities | |
| PLAINTIFF: Clark | |
| DEFENDANT: Sprint/United Mgmt Co. | CASE NUMBER:<br>YC059368 |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 8-27-09   Time: 8:30   Dept: Div 9

**NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 3-20-09

Ramona See

_____
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated: 3-20-09

By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.750
LASC Local Rules, Chapter Seven

Original – File          Copy - Party

**EXHIBIT** *E*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court
FILE STAMP

MAR 2 4 2009

John A. Clarke, Executive Officer/Clerk

By Rhoma Aaron, Deputy

NOTICE SENT TO:

INITIATIVE LEGAL GROUP LLP
1800 CENTURY PARK EAST
2ND FLOOR
LOS ANGELES        CA   90067

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| JACK CLARK | Plaintiff(s), | YC059368 |
| VS. | | |
| SPRINT/UNITED MANAGEMENT COMPANY ET. AL | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: **GREGORY YU**
You are ordered to appear for an Order to Show Cause hearing on **May 29, 2009** at **8:30 am** in **South Bay Department 9** of this court, Southwest District, 117 Torrance Boulevard, Redondo Beach, California, 90277, and show cause why sanctions should not be imposed for:

**FAILURE TO FILE PROOF OF SERVICE OF SUMMONS AND COMPLAINT AS TO:**
**SPRINT/UNITED MANAGEMENT COMPANY.**

Failure to comply or appear may result in sanctions, including dismissal of this action, or striking of the pleading pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

To avoid a mandatory appearance, all required documents must be filed in [✓] this Department [✓] Clerk's Office, Room _100_ at least 5 days prior to the date of the hearing.

You are ordered to give notice of said hearing forthwith to any party served with the summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office within 5 days of receipt of this order.

Dated: **March 24, 2009**

Judicial Officer

Remona See

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Redondo Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: __March 24, 2009__

John A. Clarke, EXECUTIVE OFFICER/CLERK

By ___R. Aaron___ Deputy Clerk

RHOMA AARON

ORDER TO SHOW CAUSE HEARING

LACIV 166-11 (Rev. 01/07)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

**EXHIBIT** _F_

# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 201.9(c) Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**     A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 1620-1622 and 1630-1639, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

**ARBITRATION**   A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 1600-1618, and Los Angeles Superior Court Rules, Chapter 12.

**ENE**           A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

**SETTLEMENT CONFERENCE**   A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

**MEDIATION, ARBITRATION & ENE**   Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**   Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 03-06)

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

| | |
|---|---|
| **PARTY PAY PANEL** | The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **PRO BONO PANEL** | The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **ENE** | The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing. |
| **PRIVATE NEUTRAL** | The market rate for private neutrals can range from $200-$1,000 per hour. |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| **A Mediator helps parties. . .** | **A Mediator does not...** |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses.  nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers).  lasuperiorcourt.org

**Low-Income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office.  Consult your phone directory to locate the number of the Court Office on your summons.)**

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 03-08)

## STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 201.9
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

**EXHIBIT** *G*



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

JUT / ALL
Transmittal Number: 6508834
Date Processed: 03/27/2009

| | |
|---|---|
| Primary Contact: | Martha Mudd<br>Sprint Nextel Corporation<br>2001 Edmund Halley Drive<br>Reston, VA 20191 |

| | |
|---|---|
| Entity: | Sprint/United Management Company<br>Entity ID Number  0198103 |
| Entity Served: | Sprint/United Management Company |
| Title of Action: | Jack Clark vs. Sprint/United Management Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Los Angeles County Superior Court, California |
| Case Number: | YC059360 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/27/2009 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Gregory Yu<br>310-556-5637 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT** _H_



McGuireWoods LLP
Matthew C. Kane, Esq. (SBN 171829)
Sabrina A. Beldner, Esq. (SBN 221918)
Jocelyn R. Cuttino, Esq. (SBN 252393)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant
SPRINT/UNITED MANAGEMENT COMPANY

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 22 2009

John A. Clarke, Executive Officer/Clerk

By D. Ackenhack, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

REDONDO BEACH COURTHOUSE

| | |
|---|---|
| JACK CLARK,<br><br>                Plaintiff,<br><br>        vs.<br><br>SPRINT/UNITED MANAGEMENT<br>COMPANY, a Kansas corporation, and DOES<br>1 through 10, inclusive,<br><br>                Defendant. | CASE NO. YC 059360<br><br>The Hon. Ramona See<br>Dept. 09<br><br>**DEFENDANT'S ANSWER TO**<br>**PLAINTIFF'S UNVERIFIED**<br>**COMPLAINT**<br><br>Complaint Filed:        March 20, 2009 |

8903532.1

1  Defendant Sprint/United Management Company ("Defendant" or "Sprint") answers the
2  Complaint ("Complaint") filed by Plaintiff Jack Clark ("Plaintiff"), as follows:

### GENERAL DENIAL

4  In accordance with the provisions of *Code of Civil Procedure* § 431.30(d), Defendant
5  generally and specifically denies each, every, and all of the allegations contained in Plaintiff's
6  Complaint and each cause of action of said Complaint and the whole thereof, and denies that
7  Plaintiff was damaged as alleged, or at all.

### AFFIRMATIVE AND OTHER DEFENSES

9  For its affirmative and other defenses, Defendant separately alleges that each of the
10  following is likely to have evidentiary support after a reasonable opportunity for further
11  investigation or discovery:

### FIRST DEFENSE

13  1.  The Complaint and each and every purported cause of action alleged therein fails
14  to state any claim upon which relief can be granted.

### SECOND DEFENSE

16  2.  The Complaint and each and every purported cause of action alleged therein is
17  barred in whole or part by all applicable statutes of limitations, including but not limited to
18  California Code of Civil Procedure Sections 203, 338, 340 and/or 343, California Business &
19  Professions Code Section 17208 and/or 29 U.S.C. § 255.

### THIRD DEFENSE

21  3.  Without admitting the existence of any duties or obligations as alleged in the
22  Complaint, any such duties or obligations which Plaintiff claims are owed by the answering
23  Defendant have been fully performed, satisfied, and/or discharged.

### FOURTH DEFENSE

25  4.  Plaintiff failed to exercise reasonable diligence to mitigate his harm/damages (if
26  any were in fact suffered, which is expressly denied) and, therefore, is barred from recovering any
27  damages or any damages awarded to him should be reduced accordingly.

28

8903532.1

1

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**FIFTH DEFENSE**

5.      If Plaintiff suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages were proximately caused by the acts of third parties that are not affiliated in any way with the answering Defendant.

**SIXTH DEFENSE**

6.      If Plaintiff suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by his own acts.

**SEVENTH DEFENSE**

7.      The Complaint and each and every purported cause of action alleged therein are barred by the doctrine of estoppel.

**EIGHTH DEFENSE**

8.      The Complaint and each and every purported cause of action alleged therein are barred by the doctrine of waiver.

**NINTH DEFENSE**

9.      The Complaint and each and every purported cause of action alleged therein are barred by the doctrine of laches.

**TENTH DEFENSE**

10.     The Complaint and each and every purported cause of action alleged therein are barred by the doctrine of consent.

**ELEVENTH DEFENSE**

11.     The Complaint and each and every purported cause of action alleged therein are barred by the doctrine of "unclean hands."

**TWELFTH DEFENSE**

12.     The answering Defendant acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

**THIRTEENTH DEFENSE**

13.     Although the answering Defendant generally and specifically denies that it owes any amounts to Plaintiff, if it should be determined that any amounts are owed, Defendant alleges

1 that at all times herein reasonable, good faith disputes existed as to whether any such amounts
2 were owed.

### FOURTEENTH DEFENSE

4     14.    Plaintiff's Complaint is barred in whole or in part because Plaintiff failed to exhaust
5 his administrative remedies.

### FIFTEENTH DEFENSE

7     15.    Any recovery on Plaintiff's Complaint with respect to the allegations for failure to
8 pay overtime is barred because Plaintiff was paid all compensation and benefits to which he was
9 lawfully entitled and to which he voluntarily agreed and expected.

### SIXTEENTH DEFENSE

11     16.    Plaintiff's claims are barred and/or recovery is precluded, in whole or in part,
12 because the answering Defendant's conduct was not willful.

### SEVENTEENTH DEFENSE

14     17.    The Complaint, and each purported cause of action alleged therein, fails to state a
15 claim for attorneys' fees against the answering Defendant.

### EIGHTEENTH DEFENSE

17     18.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing,
18 including, without limitation, that he has not suffered any injury in fact, has not lost money or
19 property, and/or is a former employee.

### NINETEENTH DEFENSE

21     19.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged
22 therein, is barred because the answering Defendant's conduct was at all times privileged,
23 undertaken in good faith and/or justified under applicable state and/or federal law, and for
24 legitimate business reasons.

25

26

27

28

8903532.1

3

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### TWENTIETH DEFENSE

20.     The answering Defendant is entitled to an offset for any monies received by Plaintiff from any source in compensation for his alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery under applicable law.

### TWENTY-FIRST DEFENSE

21.     The court should or must abstain from adjudicating the claims alleged in Plaintiff's Complaint under the primary jurisdiction doctrine.

### TWENTY-SECOND DEFENSE

22.     If the alleged unlawful policies did exist, which the answering Defendant disputes, Plaintiff's claims are barred in that he has failed to fulfill conditions precedent to the enforcement of such alleged policies.

### TWENTY-THIRD DEFENSE

23.     If the alleged unlawful policies did exist, which the answering Defendant disputes, they were modified.

### TWENTY-FOURTH DEFENSE

24.     If the alleged unlawful policies did exist, which the answering Defendant disputes, they were terminated.

### TWENTY-FIFTH DEFENSE

25.     The answering Defendant's actions with reference to Plaintiff were taken in good faith exercise of their professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to them at the time.

### TWENTY-SIXTH DEFENSE

26.     The answering Defendant is entitled to a setoff for amounts Plaintiff owe it for receipt of any wages and other benefits to which he is not entitled and/or did not earn.

### TWENTY-SEVENTH DEFENSE

27.     The claims of Plaintiff are barred in whole or in part by the doctrine of avoidable consequences and/or similar legal or equitable principles.

8903532.1

4

## TWENTY-EIGHTH DEFENSE

28.    Plaintiff's Complaint and each and every purported claim alleged therein, are barred based on one or more accords and satisfactions.

## TWENTY-NINTH DEFENSE

29.    Plaintiff's Complaint and each and every purported claim alleged therein, are barred based on one or more novations.

## THIRTIETH DEFENSE

30.    Plaintiff's Complaint and each and every purported claim alleged therein, are barred by one or more settlement agreements and/or releases including, without limitation, those in the matter of *Keegan Webster v. Sprint PCS, Inc. et al.*, United States District Court, Central District of California Case No. CV 06-04623 GW (FMOx).

## THIRTY-FIRST DEFENSE

31.    Plaintiff's Complaint and each and every purported claim alleged therein, to the extent that they seek any type of penalties, punitive or exemplary damages, are barred because they violate the answering Defendant's right to due process under the United States Constitution, including without limitation the Fourteenth Amendment thereto, and applicable State Constitution provisions.

## THIRTY-SECOND DEFENSE

32.    Plaintiff's Complaint and each and every purported claim alleged therein, is barred because at all times relevant hereto, the answering Defendant did not require Plaintiff to work any regular time or overtime mandated by any applicable legal authority without appropriate compensation or otherwise.

## THIRTY-THIRD DEFENSE

33.    Plaintiff was and is exempt from any alleged overtime compensation requirements.

## THIRTY-FOURTH DEFENSE

34.    Plaintiff has failed to join necessary and indispensable parties to this action without whom complete relief cannot be granted, including preventing prejudice to the rights of the answering Defendant.

8903532.1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### THIRTY-FIFTH DEFENSE

35.     Plaintiff's Complaint and each and every claim alleged therein, are barred in whole or in part by the doctrine of release by virtue of his acceptance of final payment of wages to him and his agreement that no other wages were owed.

### THIRTY-SIXTH DEFENSE

36.     Plaintiff's Complaint and each and every claim alleged therein, are barred because any losses are *de minimis* and cannot be recovered.

### THIRTY-SEVENTH DEFENSE

37.     Plaintiff's Complaint and each and every claim alleged therein, are barred to the extent Plaintiff fell within a class of plaintiffs in another action that asserted or could have asserted the same or similar or related claims which have been adjudicated.

### THIRTY-EIGHTH DEFENSE

38.     Plaintiff's claims for penalties is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce and/or violates the Eighth Amendment proscription against excessive fines.

### THIRTY-NINTH DEFENSE

39.     Plaintiff has knowingly submitted to any alleged wage violations.

### FORTIETH DEFENSE

40.     Plaintiff's claims are barred by his failure to demand payment.

### FORTY-FIRST DEFENSE

41.     Plaintiff's claims are barred by the parol evidence rule.

### FORTY-SECOND DEFENSE

42.     Plaintiff has failed to state a claim for prejudgment interest against the answering Defendant.

### FORTY-THIRD DEFENSE

43.     Defendant reserves the right to assert that some or all of Plaintiff's claims and/or his demands for relief, are barred or are otherwise not actionable because of the after acquired

8903532.1

6

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

evidence doctrine and conduct of Plaintiff if the facts reveal this to be the case upon completion of discovery.

### FORTY-FOURTH DEFENSE

44.     Any monetary damages claims under California Business and Professions Code §§ 17000 *et seq.* and 17200 *et seq.* are barred in their entirety by those statutes and other applicable legal authority.

### FORTY-FIFTH DEFENSE

45.     Plaintiff's purported claims for penalties under the California Labor Code are barred or precluded because Plaintiff has failed to comply with the notice and related requirements under the California Labor Code Private Attorneys General Act.

### DEFENSES RESERVED

The answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses.  The answering Defendant reserves the right to assert additional affirmative or other defenses in the event its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendant Sprint hereby prays for judgment in its favor as follows:

       1.     That Plaintiff take nothing by way of his action against Defendant Sprint;

       2.     That Plaintiff's action be dismissed in its entirety with prejudice;

       3.     That Plaintiff be denied each and every demand and prayer for relief made in the action;

///

1        4.    For costs of suit incurred herein, including reasonable attorneys' fees

2  pursuant to applicable law; and

3        5.    For such other and further relief as the Court deems just and proper.

4

5  DATED: April 21, 2009            MᴄGᴜɪʀᴇWᴏᴏᴅs LLP

6

7

8    By: _____
                Matthew C. Kane, Esq.
                Sabrina A. Beldner, Esq.
9               Jocelyn R. Cuttino, Esq.
     Attorneys for Defendant
10   SPRINT/UNITED MANAGEMENT COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8903532.1

8

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On April 22, 2009, I served the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately ____ p.m., I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 22, 2009, at Los Angeles, California.

_Corrine Cushing_
Corrine Cushing

8906899

1

## SERVICE LIST

2   Monica Balderrama, Esq.                     Attorneys for Plaintiff
    Shawn Westrick, Esq.                        JACK CLARK
3   Gregory Yu, Esq.
    Initiative Legal Group LLP
4   1800 Century Park East, 2nd Floor
    Los Angeles, CA 90067
5   310.556.5637 (phone)
    310.861.9051 (fax)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8906899                                         -2-

**EXHIBIT** I

1  MARK YABLONOVICH (SBN 186670)
      myablonovich@initiativelegal.com
2  MARC PRIMO (SBN 216796)
      mprimo@initiativelegal.com
3  JOSEPH CHO (SBN 198844)
      jcho@initiativelegal.com
4  GREGORY YU (SBN 230520)
      gyu@initiativelegal.com
5
6  INITIATIVE LEGAL GROUP LLP
7  1800 Century Park East, 2nd Floor
   Los Angeles, California 90067
8  Telephone: (310) 556-5637
9  Facsimile: (310) 861-9051

10 Attorneys for Plaintiff KEEGAN WEBSTER
   and for Class Members
11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15
   KEEGAN WEBSTER, individually,          **Case No.:** CV 06-4623 GW (FMOx)
16 and on behalf of other members of the
   general public similarly situated,     Assigned to Hon. George H. Wu
17
18              Plaintiffs,               CLASS ACTION
19
        vs.                              **SUPPLEMENTAL DECLARATION OF**
20                                       **MARC PRIMO  IN SUPPORT OF**
21 SPRINT PCS, INC., a Virginia          **MOTION FOR AWARD OF**
   corporation; and DOES 1 through 10,   **ATTORNEYS' FEES, LITIGATION**
22 inclusive,                            **EXPENSES AND CLASS**
23                                       **REPRESENTATIVE ENHANCEMENT**
                Defendants.
24                                       Date:        March 6, 2008
25                                       Time:        8:30 a.m.
                                         Place:       Courtroom 10
26
27
28

---

SUPPLEMENTAL DECLARATION OF MARC PRIMO IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES,
LITIGATION COSTS AND CLASS REPRESENTATIVE ENHANCEMENT

I, Marc Primo, declare as follows:

1.    I am a Member of the State Bar of California, and am admitted to practice before all courts in the State of California and the United States District Court for the Central District of California.  I have personal knowledge of the facts herein, except where assertions are made on information and belief, and if called as a witness, I could and would testify competently thereto.

### Background

2.    I am the Managing Partner of Initiative Legal Group, LLP ("Initiative" or "Class Counsel"), counsel of record for Keegan Webster, the named plaintiff in Webster v. Sprint PCS, Inc., a settled class action as to which the motion for final approval is currently pending before this court.  I have previously submitted a declaration in support of both preliminary and final approval, as well as in support of Initiative's application for an award of attorney's fees and costs for its role as Class Counsel and the requested "enhancement" to be paid to Keegan Webster, for her service as the named plaintiff and class representative.

### Inception of the Action: February 2005

3.    Ms. Webster initially contacted Initiative in February of 2005, in connection with what she suspected were potential violations of California wage and hour laws.  On February 25, 2005, Ms. Webster executed and thereby entered into a retainer agreement with Initiative that, *inter alia.*, provided for a contingency fee arrangement whereby Initiative would be entitled to 40 percent of any recovery realized by Ms. Webster.

4.    Ms. Webster immediately provided Initiative with a comprehensive history of her employment at Sprint, and with any documents and information she had in her possession regarding commissions, and Sprint's commission policies and practices.  Additionally, Ms. Webster provided Initiative with any wage statements (or "pay stubs") that she had retained, as well as all personal records and other

1

1  documents supplied to her by Sprint.  Wage statement claims are intrinsically

2  amenable to class treatment, and my analysis of Ms. Webster's wage statements

3  indicated potential violations.  The initial communications with Ms. Webster also

4  revealed potential meal break and rest period violations with likely class-wide

5  implications.  Accordingly, I requested, and Ms. Webster provided, the types of

6  documents that had proved helpful in other cases, with similar preliminary evidence

7  in connection with meal breaks and rest periods.

8      5.    Ms. Webster also provided Initiative with the contact information of

9  fellow employees who she believed would provide information that would tend to

10  show that the treatment and practices to which she was subjected were not isolated

11  only to her.  Because Ms. Webster was still employed by Sprint at this point, this

12  information was assuredly accurate, in contrast to former employees who, years and

13  often several jobs removed from the one with the employer at issue, struggle to

14  recall the full names, much less phone numbers and email addresses, of former co-

15  workers.

16          **The Pre-Filing Phase: February 2005-May 2006**

17      6.    Although Ms. Webster was able to provide an unusually thorough

18  range of documents (many clients keep absolutely no job-related documents,

19  especially when the job ended badly) and brought with her inquiry the advantages of

20  still being employed by Sprint, it is rare that our firm is able to file a complaint

21  solely on the basis of client-supplied documents and information.  Moreover, it was

22  immediately evident that any potential wage and hour class action against Sprint

23  could  be wholly, or at least partly, nullified by three earlier class actions:

24  Bannister-Smith v. Sprint/United Management, Inc., Alameda County, No. RGO3-

25  093 168, Avila v. Sprint Spectrum, Los Angeles County, No. BC302588, and

26  Montlouis v. Sprint PCS, San Bernardino County, No. RCV07741.  Just four

27  months prior to Ms. Webster's formally retaining Initiative, Hon. Ronald M. Sabraw

28  had granted final approval to the settlement of these actions, which had asserted a

2

1  variety of alleged wage-and-hour violations against Sprint, including denial of

2  required rest and meal breaks, failure to pay overtime, failure to pay wages, and

3  penalties for failure to timely pay final wages.  Although it did initially appear that

4  Ms. Webster could potentially make class allegations as to causes of action not

5  pleaded in the earlier settled and approved Sprint cases, it was apparent that there

6  would be substantial overlap.  The approved settlement applied to everyone who

7  was employed by Sprint in California between April 24, 1999 and July 31, 2004 and

8  who worked in an hourly (non-exempt) position.  Accordingly, it was instantly clear

9  that res judicata would bar Ms. Webster from seeking recovery for the period prior

10 to July 31, 2004 as to any coincident causes of action.  As a practical matter,

11 therefore, rather than a class period extending back to June 21, 2002, the class

12 period settled by the instant lawsuit is truncated and begins on August 1, 2004.  In

13 the consolidated settlement, 2,867 non-exempt employees received proceeds from

14 two funds: one fund of $795,140 for non-exempt and a proportional share from a

15 $3,180,560 fund for all 7,947 terminated employees, of which the non-exempt

16 employees were a subset.  Accordingly, in arriving at an estimated average $677.56

17 payout to each non-exempt employee each is assumed to receive on average

18 ($795,140/2,867) of the exclusively non-exempt fund.  To that amount is added the

19 average proportional share of the larger, mixed fund:  [(2,867/7,947)($3,180,560)]/

20 2,867.  Accordingly, the full formula by which the estimate is derived is as follows:

21     ($795,140/2,867) + [(2,867/7,947)($3,180,560)]/ 2,867 = $677.56

22

23     7.     As Initiative's Managing Partner, I was, and remain, primarily

24 responsible for organizing the procedures by which initial inquiries such as Ms.

25 Webster's are assessed, so that a recommendation can be promptly made to the

26 client.  As a general matter, any of the following three recommendations is possible,

27 often with more than one being made to account for a prospective client with, both,

28 viable class and individual causes of action.  First, there is the recommendation that

3

1  there is no viable claim at all to pursue.  Second, there is the recommendation that

2  the client pursue exclusively individual causes of action, or a single individual cause

3  of action.  Third, there is the recommendation that a class action be pursued.  The

4  recommendation that a class action be pursued also of course entails apprising the

5  client of all the tangible obligations (notably the time commitment) and the fiduciary

6  duty attendant to serving as the named plaintiff and prospective class representative.

7         8.      The assessment of any prospective case necessarily happens in the

8  context that is endemic to practicing in the plaintiffs' class action environment.  At

9  the same time that there is the need to do essentially all pre-filing legal and

10  evidentiary research and no opportunity to rely on sophisticated inside counsel to

11  provide an essentially up-and-running case, there is the inevitable tension caused by

12  the premium on moving quickly – as quickly as the obligations to be thorough and

13  accurate permit.  Like most other firms specializing entirely in a contingent-fee class

14  action practice, Initiative must rely entirely on the fee awards received from settled

15  cases that receive court approval (and, in theory, at least, on fee awards gained by

16  being deemed the "prevailing party" in a case litigated to a judgment).  Certification

17  in class action litigation is often an "all or nothing" proposition.  Class recovery

18  obviously becomes impossible upon an order denying class certification unless a

19  rare appellate reversal is obtained.  Taking such a risk should be done with

20  considerable caution by Plaintiff and Defendant alike.

21         9.      Although it is obviously the case that it was ultimately concluded that

22  Ms. Webster had identified a viable class action, and that she agreed to assume the

23  responsibilities of serving as the class representative, fully 15 months passed until I

24  was satisfied that the firm had fully investigated all of the eight class-wide causes of

25  action that were ultimately alleged.  Thus while it has come to pass that the case has

26  successfully resolved and Ms. Webster has fulfilled her obligations and fiduciary

27  duties over the three-year span of this case, from its pre-filing investigatory stage to

28  mediation to the present, an assessment of the likelihood that success – among

4

1   scores of other pre-filing assessments – substantially occupied me and the attorneys

2   working under me.

3

4   **The Webster Complaint and Early Procedural Issues: June 2006-**

5   **January 2007**

6           10.     The firm was called upon to assess novel and risky causes of action

7   involving Sprint's chargeback of commissions, the recently passed Labor Code

8   Private Attorneys General Act, potentially dispositive meal break and rest period

9   cases winding their way through appellate courts, and an uncertain future for the

10  viability of certifying wage and hour claims for class treatment.  Accordingly, I,

11  along with my partner Mark Yablonoviuch, assigned several attorneys – including

12  associates Judith Wiederhorn and Greg Yu, and senior associate Joseph Cho in a

13  supervisory role – to work with Ms. Webster to identify every piece of relevant

14  evidence specific to her; interview those putative class members whose contact

15  information Ms. Webster had provided us; and conduct the necessary legal analysis

16  in light of this accumulation of documentary and testimonial evidence. Ultimately,

17  this process yielded eight causes of action, all with class-wide allegations, but only

18  after approximately 15 months of pre-filing research and investigation.  Such work

19  included researching similar lawsuits that had been litigated against Sprint both in

20  California and around the country as well as interviewing putative class members

21  and canvassing retail locations.  Legal research and analysis was conducted

22  regarding the various causes of action that would not only impact Initiative's

23  determination of whether or not a violation had occurred, but also the valuation of

24  the claims.  To wit, Initiative lawyers under my direction studied subjects including

25  the various and conflicting court decisions regarding the provision of meal breaks

26  and rest periods; evolving caselaw surrounding the legality of charging back

27  commissions; newly passed Labor Code Private Attorney General Act and its

28  legislative history; the trends in judicial attitudes towards certifying wage and hour

1   class actions; proper calculation of an employee's regular rate for purposes of

2   overtime; and the affect of the passage of Proposition 64.

3

4   **Mediation Preparation and Mediation: January 2007-February 2007**

5       11.    Class Counsel proposed that Defendant engage in mediation, in an

6   attempt to settle this action before both sides incurred simultaneously increased

7   risks and costs associated with accelerated motion practice and discovery in

8   connection with certifying eight different causes of action.  Defendant accepted

9   Class Counsel's invitation to mediate.  In preparation for the mediation, Class

10  Counsel requested and ultimately analyzed extensive payroll data subject to the

11  mediation privilege.  As a general matter, however, the assessment of meal and rest

12  break claims entails actually identifying, day-by-day, employee-by-employee,

13  presumptively missed breaks, and then comparing the conclusions reached from that

14  data with the corresponding payroll data.  In preparation for the mediation,

15  therefore, Initiative lawyers also reviewed and analyzed similar wage and hour class

16  action settlements to accurately value the claims at issue and achieve the best results

17  possible.  As a result of these extensive preparations, the parties settled at the

18  mediation after a full day of intense negotiations with a highly favorable result for

19  the class.  With respect to the $12,500 enhancement fee, that was as contested a term

20  as any of the Settlement Agreement's express monetary terms, although the

21  negotiation details are of course protected by the mediation privilege.

22

23  **Settlement and Notice to the Class Members: February 2007-October 2007**

24      12.    I have been personally involved with the litigation and settlement of

25  over two-dozen wage and hour class actions while Initiative's Managing Partner,

26  and by comparison, the Webster case was labor-intensive and in no sense was it

27  quickly settled.  The Settlement Agreement that resulted from that mediation created

28  a common fund from which Class Members will be paid, on average, approximately

6

1   $1,162,03, which by any measure is *a truly outstanding result*.  Moreover, in my

2   experience, apart from the formal settlement terms, policy and practical changes

3   typically associated with well-litigated wage and hour class actions, include

4   improved supervisor training and awareness with respect to non-exempt employees'

5   entitlement to meal and rest breaks; implementation of statutorily mandated "meal

6   periods and rest breaks;" more timely payment of wages; increased scrutiny of the

7   payment of commissions and other wags, and proper calculation of overtime.

8       13.    The Court also indicated that "additional information is required" as to

9   "whether the figure of $12,500 was picked out of thin air."  Although the details of

10   mediation sessions and the related communications are confidential, the class

11   representative enhancement fee was, like all of the other terms that were eventually

12   reduced to a specific monetary amount, the product of "arms-length" negotiations.

13   Further, the specifics of Ms. Webster's contributions to the case and the Class

14   Members, from the pre-filing stage up to and including her assistance with

15   preparations for the mediation, and constant availability during the mediation were

16   brought to bear in determining a fair and reasonable fee.  During the mediation,

17   reference was also made to other, comparable class actions that have received final

18   approval, and the enhancement awards approved in those cases.  This included class

19   actions in which Class Counsel represented the class as well as other reported cases.

20   The Settlement Agreement that resulted from that mediation created a common fund

21   from which Class Members will be paid, on average, approximately $1,162,03,

22   which by any measure is *a truly outstanding result*.  By way of comparison, the

23   Pearson, Simon, Soter, Warshaw & Penny firm represents objector Brian Gardner

24   and in 2006 settled <u>Castillo v. Pizza Hut, Inc.</u> (Los Angeles Super. Ct., No.

25   BC318765) on behalf of pizza delivery drivers.  After the award of $1,700,000.00 in

26   attorneys' fees, representing 33% of the gross settlement, $3,250,173.84 was

27   available to be claimed by 18,781 class members.  Thus, the average per-class-

28   member award was $173.06.  This is not to say a poor result was achieved.  In fact,

7

1    average per-class-member claim values around this range are quite typical.  Rather,

2    this example serves to underscore how exceptional was the result achieved by Class

3    Counsel in the instant case.

4         14.    Contrary to the assertions of the lone objector to the Settlement

5    Agreement, there is nothing "overbroad" about the release language.  The

6    Settlement Agreement properly releases those claims that were asserted or could

7    have been asserted in the Webster Action, and the Class Notice parallels the

8    language of the Settlement.   The release is not, in other words, "overbroad"; rather,

9    what is released is commensurate with what was pleaded, litigated, and settled.  In

10   exchange for the release, the participating Class Members each receive their fairly

11   determined share of the common fund.

12

13                **Preliminary and Final Approval: October 2007 to the Present**

14        15.    At the January 28, 2008 hearing on Plaintiff's concurrent motions for

15   final approval of the Settlement Agreement and the attorneys' fees and

16   enhancement, the Court requested (i) a "lodestar cross-check" as an additional

17   means by which to determine whether the requested attorneys' fee and cost award is

18   fair and reasonable, and, (ii) additional information concerning the class

19   representative enhancement.

20        16.    The Settlement Agreement provides Class Members with monetary and

21   workplace benefits that, as a realistic matter, could only have been brought about

22   through a class action's uniquely potent leverage.  Moreover, it was not a matter of

23   Class Counsel being the first plaintiffs' firm to file an obvious claim.  To the

24   contrary:  More than a year of legal and evidentiary research preceded this action's

25   eight causes of action being filed and transformed into a settlement valued at six-

26   and-three-quarters-of-a-million dollars.

27        17.    In particular, the Class Members have themselves have affirmed that

28   the requested fees are fair and reasonable compensation for the benefits created.

8

1   Even the lone objector did not object to the fee request.  Nor has there been any

2   contention from within or outside the class that the requested enhancement to be

3   paid to the Class Representative is not fair and reasonable, as well.  Additionally, all

4   of the applicable authority speaks in a single voice in underscoring that a fee award

5   of 33 percent of the common fund, in a wage and hour class action of this size, is

6   fair and reasonable.

7        18.     Furthermore, Plaintiff and Class Counsel respectfully submit that the

8   reasonableness of any conceivable alternative (including a lower "benchmark"

9   percentage) is not at issue; nor should this analysis be conducted as a comparison

10  that attempts to resolve conclusively what is the "better" method for apportioning

11  attorneys' fees.  Rather, in this instance, the requested fees are backed by multiple

12  factors affirming a fundamental fairness and reasonableness that removed the fees

13  from any realm of the arbitrary or hypothetical.  The fee amount has had an

14  exhaustive hearing before every Class Member, gaining unusually strong approval

15  by the standards of comparable cases.  No other method of allocating is, or could be,

16  similarly endorsed by multiple, real-world assessments.  Moreover, when the

17  "lodestar cross-check" is applied to the requested fee award, any impression that this

18  was a "quick settlement" is dispelled, and the lodestar multiplier is within the range

19  routinely applied to wage and hour class actions.

20

21              **The Lodestar Cross-Check**

22       19.     Accordingly, the lodestar analysis requested by the Court confirms that

23  both the fee and enhancement requests are fair and reasonable, and that there is no

24  basis to depart from the terms to which the settling parties agreed, and that the Class

25  Members have assessed favorably.  The following chart sets forth the regular

26  billable hourly rate for each attorney who worked on this matter, the hours worked

27  by each attorney, and the fees that would have been charged if this matter had been

28  litigated at an hourly rate.

9

| Attorney | | Rate | Hours | Total |
|---|---|---|---|---|
| Mark Yablonovich | Partner | $495 | 325.5 | $161,122 |
| Marc Primo | Partner | $475 | 383.0 | $181,925 |
| Joseph Cho | Sr. Assoc./9th Year | $450 | 205.9 | $92,655 |
| Robert Byrnes | Sr. Assoc./9th Year | $450 | 102.0 | $45,900 |
| Gregory Yu | Assoc./4th Year | $340 | 110.2 | $37,468 |
| Shawn Westrick | Assoc./4th Year | $340 | 19.2 | $6,528 |
| Jacalyn Davis | Assoc./4th Year | $340 | 19.8 | $6,732 |
| Judith Wiederhorn | Assoc./3rd Year | $315 | 131.0 | $41,265 |

Lodestar     $573,595
Multiplier     3.88
Total     $2,227,500

20.    In addition to the attorney time spent on this case, there was a corresponding amount of legal staff time devoted to this litigation. Although time records were not kept for this work, there is no doubt that the work was extensive and would reduce the "multiplier" as it would increase the firm's lodestar.

### Ms. Webster's "Enhancement" For Three Years of Service to Her Fellow Class Members

21.    Ms. Webster encountered both financial and career risks by agreeing to serve as the class representative. By the terms of both her retainer agreement with Initiative and the relevant statutes, she would have been liable to Defendant for its attorneys' fees and costs had Defendant prevailed on the merits, and I informed her accordingly before she executed her retainer agreement in February of 2005. Nor was Ms. Webster's service to the class without sacrifice and difficulties that necessarily arose in the course of fulfilling her duties, as Ms. Webster articulates

10

1   more fully in her own declaration, also submitted in support of the supplemental

2   briefing that the Court has requested.  In sum, over the past three years Ms. Webster

3   has regularly devoted substantial time to the case, at every stage.  Once again, Ms.

4   Webster's own declaration is the best source by which to confirm the extent of her

5   commitment.

6           22.     It is currently projected that Ms. Webster will likely receive somewhat

7   more than $1000 as a Class Member.  It is thus fair and reasonable that Ms. Webster

8   should be compensated with the additional $12,500 enhancement that the parties

9   agreed upon here, in recognition of her role in securing not just cash benefits but

10  also tangible, permanent workplace improvements for 3,190 of her former

11  colleagues.

12

13          I declare under penalty of perjury that the foregoing is true and correct.

14

15

16

17      DATED: February 28, 2008                    _____/s/ Marc Primo_____

18                                                              Marc Primo

19

20

21

22

23

24

25

26

27

28

11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV09- 2839 AHM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

**[ ] Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

**[ ] Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Jack Clark | SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation, and DOES 1 through 10, inclusive. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Monica Balderrama(SBN 196424)<br>Initiative Legal Group LLP<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90067<br>310-556-5637 | Matthew C. Kane, Esq. (SBN 171829)<br>McGuireWoods LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br>310-315-8200 |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $

## VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441 and 1446

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV09-02839

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): Webster v. Sprint PCS, Inc., CV 06-04623 GW (FMOx); Gardner v. Sprint/United et al., CV 07-06352 R (PJWx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kansas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date April 23, 2009

Matthew C. Kane, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com