O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2839 AHM (MANx) | Date | April 28, 2009 |
|---|---|---|---|
| Title | JACK CLARK v. SPRINT/UNITED MANAGEMENT COMPANY, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On December 8, 2008, Defendant Sprint/United Management Company ("Sprint") removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1441(a). Defendant alleges that Plaintiff Jack Clark is a *citizen* of California, based upon the allegation in the Complaint that Plaintiff "is a *resident* of Los Angeles County in the State of California." Notice of Removal ¶ 9; Complaint ¶ 4 (emphasis added). Defendant is a Kansas corporation with its principal place of business in Kansas. Notice of Removal ¶ 10.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Although Defendant alleges that the Court has original jurisdiction over this action because the parties meet the requisite diversity of citizenship, Defendant must allege the citizenship of the Plaintiff. *See* 16 *Moore's Federal Practice*, § 107.14[2][b] (3d ed. 2003). To be "a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (emphasis in original). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

The Complaint alleges that Plaintiff *resides* in California, but not that he is

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2839 AHM (MANx) | Date | April 28, 2009 |
|---|---|---|---|
| Title | JACK CLARK v. SPRINT/UNITED MANAGEMENT COMPANY, et al. | | |

domiciled there.

     Accordingly, Defendant is ORDERED TO SHOW CAUSE in writing by not later than **May 8, 2009** why this action should not be remanded for lack of removal jurisdiction.  Failure to respond on or before that date will be construed as consent to remand.

                                                                                                                               :

                                                            Initials of Preparer       se